UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONAGHAN'S TOWING, INC., et al.,

        Plaintiffs,

v.                                             Case No. 04-60161
                                             HON. MARIANNE O. BATTANI

COMPANION LIFE INSURANCE COMPANY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT**

**I.     INTRODUCTION**

Before the Court are the parties' cross motions for entry of judgment. (Doc. #12 & 14). This case addresses whether Tomas Monaghan was an active employee at Monaghan's Towing, Inc. and thereby entitled to life insurance benefits. Defendant requests the Court to affirm Companion Life's denial of life insurance benefits, dismiss Plaintiffs' complaint with prejudice, and award attorneys fees and costs. In contrast, Plaintiffs argue that the denial of benefits should be overturned because Mr. Monaghan was not totally disabled, and was in fact an active full-time employee at the time of his death.

**II.    STANDARD OF REVIEW**

The policy at issue is an "employee welfare benefit plan" under ERISA, 29 U.S.C. Sec. 1002(1). A plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" ERISA § 502(a)(1)(B), 29 USC § 1132(a)(1)(B).

-1-

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine the eligibility for benefits or to construe the terms of the plan," in which case the arbitrary and capricious standard is applied. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 L. Ed. 2d 80, 109 S. Ct. 948 (1989). The latter standard applies to this case because it is undisputed that the policy at issue expressly vests discretion in the administrator to pay benefits to eligible employees. Under this deferential standard, the administrator's decision must be upheld if it is "rational in light of the plan's provisions." Daniel v. Eaton Corp., 839 F.2d 263, 267 (6th Cir. 1988). In other words, "[w]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." Davis v. Kentucky Fin. Cos. Retirement Plan, 887 F.2d 689, 693 (6th Cir. 1989) (quoting Pokratz v. Jones Dairy Farm, 771 F.2d 206, 209 (7th Cir. 1985)).

## III.   ANALYSIS

### A.   Monaghan's eligibility

The policy administrator denied Mrs. Monaghan's request for $100,000 in group life insurance benefits because it determined that no life insurance coverage was in effect on the date of Mr. Monaghan's death. J.A. at 1. Apparently, Mr. Monaghan never converted his group policy to an individual policy after his last day as an active, full-time employee on November 25, 1998, when he had a motor vehicle accident. Plaintiffs contend that November 25, 1998, was not Monaghan's last day of work, as he continued to run his company after the accident.[1]

---

[1] Plaintiffs argue that Mrs. Monaghan completed the life insurance claim form when she was still grieving the loss of her husband and thus incorrectly stated his last day of work.

Monaghan's accountant indicates that he continued working as the owner of the company and scheduled his work week as he saw fit.  Furthermore, he indicates that Monaghan "was active in the business as far as tax planning and reviewing of monthly financial statements."  J.A. at 37.  Plaintiffs contend that Monaghan received compensation for his work in the form of various tax benefits, including right-offs.  Pls.' Mtn. Br. at 3.

The Court finds that Plaintiffs have failed to establish that Monaghan was an active, full-time employee that was entitled to life insurance benefits.  The policy indicates that "[o]nly active, full-time employees are eligible for group life insurance benefits."  J.A. 8.  An "active employee performs all of the duties of his or her job with the Covered Employer.  This job may be at either: (1) the covered Employer's normal place of employment; or (2) at some other place to which the regular business operations of the Covered Employer require that person to go."  J.A. 70.  A full-time employee is one who is "(1) scheduled to work for the covered Employer at least 30 hours each week; and (2) on the regular payroll of the Covered Employer for that work."  J.A. 70.

Plaintiffs have furnished no evidence, outside of the accountant's statement, that Monaghan was ever scheduled for regular work or performed any specific duties.  There is no record that he received any form of compensation for any work performed during the two and a half years between his accident and his death.  Although he may have remained the owner of the company, the policy specifically indicates that:

> no corporate officer or director will be eligible *solely due to his or her title*.  Neither will a partner nor a sole proprietor be eligible solely due to his or her position.  All of these persons must be active full-time employees to be eligible.

J.A. at 62 (emphasis added).  Plaintiffs have not identified any internal inconsistency, bad faith,

or other ground for calling the benefits determination into question. <u>Davis v. Kentucky Fin. Cos. Ret. Plan</u>, 887 F.2d 689, 695 (6th Cir. 1989). Therefore, given the plain language of the policy and the lack of any concrete evidence showing that Monaghan was an active, full-time employee, the Court cannot conclude that the denial of benefits was arbitrary or capricious. <u>Ollson v. Darling and Co.</u>, 759 F.Supp. 381, 384-85 (E.D. Mich. 1991). Accordingly, the denial of benefits must be upheld.

    **B.**    **Attorneys' fees and costs**

Both parties have requested costs and attorneys' fees. The Sixth Circuit subscribes to the view that a party who prevails in an ERISA case is not automatically entitled to attorneys' fees. <u>See</u> <u>Armistead v. Vernitron Corp.</u>, 944 F.2d 1287 (6th Cir. 1991). When considering whether to exercise its discretion to award attorneys' fees, the Court must consider:

> (1)     the degree of the opposing party's culpability or bad faith;
> (2)     the opposing party's ability to satisfy an award of attorney's fees;
> (3)     the deterrent effect of an award on other persons under similar circumstances;
> (4)     whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
> (5)     the relative merits of the parties' positions.

<u>Id</u>. at 1301 (citation omitted). "No single factor is determinative. Rather the [C]ourt should consider each before exercising its discretion." <u>Wells v. U.S. Steel</u>, 76 F.3d 731, 736 (6th Cir. 1996). In situations were a plan prevails against a participant, courts generally decline to award attorneys' fees in order to avoid discouraging good faith participants from enforcing the provisions of ERISA. <u>See</u> <u>Flanagan v. Inland Empire Elec. Workers Pension Plan</u>, 3 F.3d 1246 (9th Cir. 1993); <u>Nachwalter v. Christie</u>, 805 F.2d 956 (11th Cir. 1986)

Applying these criteria, the Court finds no basis for awarding attorneys' fees. Although

Plaintiffs have presented a weak case in support of their appeal, there is no evidence that they acted out of bad faith or in disregard for the spirit or letter of ERISA.  See Meredith v. Navistar Int'l Transp. Corp., 935 F.2d 124 (7th Cir. 1991) (denying plan's claim for attorneys' fee award even though plaintiff's chances of prevailing were slim).  In fact, the evidence indicates that Plaintiffs had a good faith belief that Monaghan was properly enrolled in the group insurance policy as demonstrated by the fact that premium payments were made on his behalf until his death.  Consequently, there would be little deterrent effect in punishing such litigants acting out of good faith.  Indeed, an award of benefits in this case may have a chilling effect on attempts by plan participants to assert their rights and to police their own plans.  See Astor v. IBM, 7 F.3d 533 (6th Cir. 1993); Van Boxel v. Journal Co. Employees' Pension Trust, 836 F.2d 1048 (7th Cir. 1987).  Thus, the requests for attorneys' fees must be denied.

## IV.    CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** Defendant's motion and **DENIES** Plaintiffs' motion.  The Court declines to award attorneys' fees or costs to either party.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATED: May 26, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Ralph Musilli and Joseph A. Fink on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK